FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,

    *Petitioner*,

    v.

HOLD BROTHERS ON-LINE INVESTMENT SERVICES LLC, now known as TAFFERER TRADING, LLC; GREGORY HOLD; and STEVEN HOLD,

    *Respondents*.

14-07286 (KSH) (CLW)

**OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

**I.     Background**

On November 11, 2014, petitioner Securities and Exchange Commission ("SEC") filed an application (D.E. 1) to enforce compliance by Hold Brothers On-Line Investment Services, LLC ("HBOLIS") with an SEC consent order (the "Consent Order") requiring HBOLIS to pay disgorgement, civil penalties and post-order interest amounting to over $2.5 million. Pertinent to the motion before the Court, the SEC's application seeks to have Gregory and Steven Hold (the "Hold brothers") held jointly and severally liable, as control persons under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. (the "Exchange Act"), for the approximately $2 million as yet unpaid. The SEC filed an amended application on December 10, 2015 (D.E. 31) and respondents answered on February 5, 2016, raising an "unclean hands" affirmative defense (D.E. 36), which the SEC now moves to have the Court strike (D.E. 39). Respondents have opposed (D.E. 42) and the SEC filed a reply (D.E. 46).

The Court makes its decision on the papers.

## II. Discussion

The SEC argues that a defendant cannot assert an "unclean hands" defense against a government agency when the agency has brought suit in the public interest. This position requires some unpacking. Relying on the Third Circuit's decision in *S.E.C. v. J.W. Barclay & Co.*, 442 F.3d 834 (3d Cir. 2006), the SEC takes the position that its action against these respondents furthers the remedial purposes of the Exchange Act. In *Barclay,* the district court granted an unopposed application by the SEC for an order directing Barclay, which was a defunct broker-dealer, to pay a civil penalty of $25,000 for a securities law violation pursuant to an administrative order. *See Barclay*, 442 F.3d at 839. In addition and after discovery, the district court granted the SEC's unopposed motion for summary judgment and ordered one Bruno, Barclay's former president, to pay the penalty. *Id.* Bruno filed a *pro se* appeal. *Id*. The Third Circuit appointed *amicus* counsel to address the question of whether the SEC had standing to bring a claim against a control person under § 20(a) in an enforcement action filed pursuant to § 21(e).[1] *Id.*

---

[1] Section 20(a) provides:
    (a) Joint and several liability; good faith defense
    Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any *person* to whom such controlled person is liable . . . , unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action. 15 U.S.C. § 78t(a) (emphasis added).

Section 21(e) provides:
    Upon application of the Commission the district courts of the United States and the United States courts of any territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder, the rules of a national securities exchange or registered securities association of which such person is a member or person associated with a member, the rules of a registered clearing agency in which such person is a participant, the rules of the Public Company Accounting Oversight Board, of which such person is a registered public accounting firm or a person associated with such a firm, the rules of the Municipal Securities Rulemaking Board, or any undertaking contained in a

In its decision, the Third Circuit agreed with the Second Circuit, parted ways with the Sixth Circuit, and held that the SEC is a "person" for purposes of § 20(a).  Further, the court held that the SEC had a claim for payment under § 20(a) not just from defunct Barclay but as well from Bruno, "who controlled Barclay, induced and was a culpable participant" in Barclay's failure to pay its debt to the SEC.  *Barclay*, 442 F.3d at 845.

*Barclay* supports the SEC's § 20(a) claim against the Hold brothers in addition to its action to enforce the Consent Order against HBOLIS.  In *Barclay*, the Third Circuit "squarely held" (SEC's Reply Br., at p. 7) as follows:

> [Section] 21(e) . . . grants jurisdiction to the district courts to order control persons who are jointly and severally liable under § 20(a) to fulfill their individual financial obligations to the relevant claimant, even where those control persons are not subject to an existing SEC order.

*Barclay*, 442 F.3d at 845–46.  In applying this language to its motion to strike, the SEC also writes:

> Because such claims rarely arise, no court has yet faced a motion to strike an "unclean hands" defense in a Commission case involving such claims, to the Commission's knowledge.  But the infrequency of such claims does not alter the legal standard: when the Commission brings claims in the public interest, as it does here, an "unclean hands" defense (at least one that alleges no constitutional violation) cannot be asserted.

SEC's Reply Br., at p. 5.

And it is regarding this last point that the Court disagrees.  The "public interest" feature of the SEC's application arises out of this Court's authority to issue an order directing the disgorgement of funds by the Hold brothers, contributing to the public weal by furthering the

---

registration statement as provided in subsection (d) of section 78o this title. . . .  15 U.S.C. §78u(e).

remedial purposes of the Exchange Act.[2]  It is Section 21(e) of the Act that "empowers district courts 'to issue writs of mandamus, injunctions, and orders commanding any person to comply'" with his or her obligations under the Exchange Act.  *Barclay*, 442 F.3d at 846 (quoting 15 U.S.C. § 78u(e)).  But something has to happen first, according to *Barclay*, which makes a distinction between control person liability under § 20(a) and the district court's jurisdiction to issue an enforcement order as to that control person under § 21(e): "Our holding that the SEC had a claim for payment from Bruno under § 20(a) because of his joint and several liability in the amount of the unpaid penalty does not itself imply that the SEC could assert this claim in its Application under § 21(e)."  *Barclay*, 442 F.3d at 846.

This observation is the natural result of the interplay between what *Barclay* determined about § 20(a) liability and the enforcement powers conferred in § 21(e).  It was not until Bruno's joint and several liability as a control person under § 20(a) became established under the facts adduced in discovery and found by the district court that his obligation to pay the company's $25,000 civil penalty arose:  "*[I]nsofar as Bruno was jointly and severally liable for Barclay's debt to the SEC under § 20(a)* . . . the District Court simply commanded Bruno to comply with his duties as defined by §20(a), and therefore *the District Court had jurisdiction to issue [an] order under §21(e).*"  *See Barclay*, 442 F.3d at 846 (emphasis added).

While it may be that an order from the district court under § 21(e) directing a control person to pay under § 20(a) is in the public interest, the SEC's argument puts the cart before the

---

[2] The *Barclay* court reasoned: "[T]his construction of the relevant provisions facilitates the collection of SEC penalties in cases where people who control a person subject to an SEC penalty culpably attempt to transfer the assets of the controlled person to themselves rather than directing the controlled person to pay its penalty. *Facilitating the collection of SEC penalties in such cases helps to give those penalties their full intended deterrent effect, which in turn serves the remedial purposes of the Exchange Act.*" *Barclay*, 442 F.3d at 847 (emphasis added).

horse.  The district court in *Barclay* found (on undisputed facts) that Bruno, as a control person, culpably induced Barclay's non-payment of its debt to the SEC.  For the Hold brothers to be jointly and severally liable for HBOLIS's alleged failure to pay amounts due under the Consent Order, the SEC must prove that the Hold brothers: (1) were control persons of HBOLIS within the meaning of § 20(a) of the Exchange Act; (2) directly or indirectly induced HBOLIS's non-payment under the Consent Order; and (3) were culpable participants in HBOLIS's non-payment under the Consent Order.  *See Barclay & Co.*, 442 F.3d at 841, n.8.  All of this the SEC has yet to establish and the Court has made no findings.  Simply, the Court does not have authority under § 21(e) to issue an enforcement order as to the Hold brothers now.  The SEC's "public interest" argument under *Barclay* fails, therefore, and its motion is denied.

### III.    Conclusion and Order

For the foregoing reasons,

**IT IS** on this 24th day of October, 2016,

**ORDERED** that the SEC's motion to strike respondents' affirmative defense is **denied**.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.