UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>HOLD BROTHERS ON-LINE INVESTMENT SERVICES, LLC, now known as TAFFERER TRADING, LLC, GREGORY HOLD, and STEVEN HOLD,<br><br>Respondents. | 2:14-cv-07286-KSH-CLW |

## FINAL JUDGMENT ENFORCING COMMISSION ORDER AGAINST RESPONDENT HOLD BROTHERS ON-LINE INVESTMENT SERVICES, LLC, n/k/a TAFFERER TRADING, LLC

Petitioner Securities and Exchange Commission (the "Commission") having applied to the

Court for a Final Judgment pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 (the

"Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce the Commission's order dated September 25,

2012 (the "Commission Order") requiring Respondent Hold Brothers On-Line Investment Services,

LLC ("HBOIS"), now known as Tafferer Trading, LLC, to pay disgorgement, prejudgment interest,

and a civil money penalty, and HBOIS having consented to the entry of a Final Judgment by the

Court, and it appearing to the Court that such a Final Judgment should enter:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission

order (*In the Matter of Hold Brothers On-Line Services, LLC, Demostrate, LLC, Trade Alpha Corporate Ltd.,*

*Steven Hold, Robert Vallone, and William Tobias* (AP File No. 3-15046)), attached hereto as Exhibit A,

be and the same hereby is enforced.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that HBOIS shall pay

to the Commission, to be remitted to the United States Treasury, the following amounts:

| | |
|---|---|
| Disgorgement and Prejudgment Interest as of 10/2/15 | $559,051.12 |
| Prejudgment Interest on Disgorgement as of 12/1/16 | $22,220.77 |
| Civil Money Penalty | $1,519,285.22 |
| Interest on Civil Money Penalty as of 12/1/16 | $16,441.58 |
| TOTAL | $2,116,998.69 |

Post-judgment interest shall accrue on such amounts pursuant to 28 U.S.C. § 1961.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within 14 days

after entry of this Final Judgment HBOIS shall pay to the Commission the amount of $707,764.22

in partial satisfaction of this Final Judgment. Such payment shall be made in one of the following

ways:

(1)     HBOIS may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request;

(2)     HBOIS may make direct payment from a bank account via Pay.gov through the SEC

website at http://www.sec.gov/about/offices/ofm.htm; or

(3)     HBOIS may pay by certified check, bank cashier's check, or United States postal

money order, made payable to the Securities and Exchange Commission and hand-delivered

or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    HQ Bldg., Room 181, AMZ-341
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying HBOIS as Respondent in this action, and the name of this Court and the docket number of this action. A copy of the cover letter and check or money order must be sent to John J. Graubard, Securities and Exchange Commission, New York Regional Office, 200 Vesey Street, Room 400, New York, NY 10281-1022. Such payment made by HBOIS shall be applied as follows:

      (1)    $22,220.77 to prejudgment interest on disgorgement as of 12/1/16;

      (2)    $559,051.12 to disgorgement and prejudgment interest as of 10/2/15;

      (3)    $1,459.29 to interest accrued on the civil money penalty; and

      (4)    $125,033.04 to the civil money penalty.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon receipt of the payment set forth in Paragraph III above, the Commission shall file a stipulation dismissing this action with prejudice and without costs against Respondent Gregory Hold.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, upon receipt of the payment set forth in Paragraph III above, this Final Judgment shall not be enforced as to any assets that were transferred, may have been transferred, or may be alleged to have been transferred from HBOIS, directly or indirectly, to any of the persons or entities set forth below, and the Commission shall not assert any claim, directly or indirectly, against any of these persons or entities seeking to hold them liable in any way for the non-payment of the Final Judgment entered against HBOIS: Hold Brothers Capital, LLC; Hold Brothers Capital Corp.; Hold Brothers Fund of Funds, LLC; Hold Brothers, Inc.; HoldSoftware.com, Inc.; Demostrate LLC; NewsStrike LLC; Skeffington Asset Management; Trenchant Funds, USA; Trenchant Capital, LLC; Vaticine Financial Ltd.; and

any employees, members, officers, or directors of these entities (other than Respondents Gregory or

Steven Hold).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission

may enforce the unsatisfied portion of this Final Judgment directly against HBOIS through all

collection procedures authorized by the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001–

3308 (including the 10% surcharge authorized by 28 U.S.C. § 3015) and/or through the Treasury

Cross-Servicing Program and the fees imposed under that Program.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court,

subject to the foregoing, may order such relief as may be necessary for enforcement of any order of

this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act,

28 U.S.C. §§ 3001–3308.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:          Jan 26       , 2017
                Newark, New Jersey

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 2:14-cv-07286-KSH-CLW |
| Petitioner, | |
| v. | |
| HOLD BROTHERS ON-LINE INVESTMENT SERVICES, LLC, now known as TAFFERER TRADING, LLC, GREGORY HOLD, and STEVEN HOLD, | |
| Respondents. | |

## CONSENT OF RESPONDENT HOLD BROTHERS ON-LINE INVESTMENT SERVICES, LLC, N/K/A TAFFERER TRADING, LLC

1.    Respondent Hold Brothers On-Line Investment Services, LLC, now known as Tafferer Trading, LLC ("HBOIS") acknowledges having been served with the Amended Application (the "Application") in this action, enters a general appearance, and admits the Court's jurisdiction over HBOIS and over the subject matter of this action.

2.    Petitioner Securities and Exchange Commission (the "Commission") seeks a Final Judgment pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce the Commission's order dated September 25, 2012 (the "Commission Order"), which requires HBOIS to pay disgorgement, prejudgment interest, and a civil money penalty. HBOIS consents to the entry of such a Final Judgment by the Court.

3.    HBOIS agrees that it is liable to the Commission for the following amounts:

| | |
|---|---:|
| Disgorgement and Prejudgment Interest as of 10/2/15 | $559,051.12 |
| Prejudgment Interest on Disgorgement as of 12/1/16 | $22,220.77 |
| Civil Money Penalty | $1,519,285.22 |
| Interest on Civil Money Penalty as of 12/1/16 | $16,441.58 |
| TOTAL | $2,116,998.69 |

4.    HBOIS agrees that within 14 days after entry of this Final Judgment HBOIS shall

pay to the Commission the amount of $707,764.22 in partial satisfaction of this Final Judgment.

Such payment shall be made in one of the following ways:

(1)    HBOIS may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request;

(2)    HBOIS may make direct payment from a bank account via Pay.gov through

the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3)    HBOIS may pay by certified check, bank cashier's check, or United States

postal money order, made payable to the Securities and Exchange

Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying HBOIS as

Respondent in this action, and the name of this Court and the docket number of this action. A copy

of the cover letter and check or money order must be sent to John J. Graubard, Securities and

Exchange Commission, New York Regional Office, 200 Vesey Street, Room 400, New York, NY

10281-1022. Such payment made by HBOIS shall be applied as follows:

        (1)     $22,220.77 to prejudgment interest on disgorgement as of 12/1/16;

        (2)     $559,051.12 to disgorgement and prejudgment interest as of 10/2/15;

        (3)     $1,459.29 to interest accrued on the civil money penalty; and

        (4)     $125,033.04 to the civil money penalty.

     5.     HBOIS agrees that, upon the Commission's receipt of the payment set forth in Paragraph 4 above, the Commission shall file a stipulation dismissing this action with prejudice and without costs against Respondent Gregory Hold.

     6.     HBOIS agrees that, upon the Commission's receipt of the payment set forth in Paragraph 4 above, this Final Judgment shall not be enforced as to any assets that were transferred, may have been transferred, or may be alleged to have been transferred from HBOIS, directly or indirectly, to any of the persons or entities set forth below, and the Commission shall not assert any claim, directly or indirectly, against any of these persons or entities seeking to hold them liable in any way for the non-payment of the Final Judgment entered against HBOIS: Hold Brothers Capital, LLC; Hold Brothers Capital Corp.; Hold Brothers Fund of Funds, LLC; Hold Brothers, Inc.; HoldSoftware.com, Inc.; Demostrate LLC; NewsStrike LLC; Skeffington Asset Management; Trenchant Funds, USA; Trenchant Capital, LLC; Vaticine Financial Ltd.; and any employees, members, officers, or directors of these entities (other than Respondents Gregory or Steven Hold).

     7.     HBOIS agrees that the Commission may enforce the unsatisfied portion of this Final Judgment directly against HBOIS through all collection procedures authorized by the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001–3308 (including the 10% surcharge authorized by 28 U.S.C. § 3015) and/or through the Treasury Cross-Servicing Program and the fees imposed under that Program, and that the Court, subject to the foregoing, may order such relief as may be necessary

for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3308.

8.      HBOIS agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that HBOIS pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

9.      HBOIS waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

10.     HBOIS waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

11.     HBOIS enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce HBOIS to enter into this Consent.

12.     HBOIS agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

13.     HBOIS will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

14.     HBOIS waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to HBOIS of its terms and conditions.

15.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against HBOIS in this civil proceeding. HBOIS acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the

-4-

Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. HBOIS waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

16.    HBOIS understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of HBOIS's agreement to comply with the terms of Section 202.5(e), HBOIS: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Application or creating the impression that the Application is without factual basis; (ii) will not make or permit to be made any public statement to the effect that HBOIS does not admit the allegations of the Application, or that this Consent contains no admission of the allegations, without also stating that HBOIS does not deny the allegations; and (iii) upon the filing of this Consent, HBOIS hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Application. If HBOIS breaches this agreement, the Commission may petition the Court to vacate the Order and restore this action to its active docket. Nothing in this paragraph affects HBOIS's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

17.    HBOIS hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

expended by HBOIS to defend against this action. For these purposes, HBOIS agrees that HBOIS is not the prevailing party in this action since the parties have reached a good faith settlement.

18.   HBOIS agrees that the Commission may present the Final Judgment to the Court for signature and entry without notice.

19.   HBOIS agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the Final Judgment.

Dated: _____, 2016        HOLD BROTHERS ON-LINE
                                        INVESTMENT SERVICES, LLC,
                                        now known as TAFFERER TRADING,
                                        LLC

                              By:  _____
                                        GREGORY HOLD
                                        Its Manager / Member

On December 16, 2016, Gregory Hold, a person known to me (or satisfactorily identified to me), personally appeared before me and acknowledged executing the foregoing Consent on behalf of Hold Brothers On-Line Investment Services, LLC, now known as Tafferer Trading, LLC.

_____
NOTARY PUBLIC

IRINA KOBYLEVSKY
Notary Public, State of New York
No. 02KO6324249
Qualified in New York County
My Commission Expires May 4, 2019